Student Activity Funds — Audit Expenses — General Fund Title 70 O.S. 505.1 [70-505.1] — 70 O.S. 505.13 [70-505.13] [70-505.13] as amended by 70 O.S. 505.4 [70-505.4] [70-505.4], 70 O.S. 505.7 [70-505.7], 70 O.S. 505.8 [70-505.8], 70 O.S. 505.9 [70-505.9], 70 O.S. 505.13 [70-505.13] and 70 O.S. 47 [70-47] (1968), are applicable to the transactions of the Student Activity Fund authorized by 70 O.S. 4-33.1 [70-4-33.1] (1968). Title 70 O.S. 505.1 [70-505.1] — 70 O.S. 505.13 [70-505.13] (1968), as amended, supersedes 70 O.S. 4-34 [70-4-34] (1961). Furthermore, a local board of education may pay for the annual audit out of the general fund of the school district or otherwise as herein set out. The Attorney General has had under consideration your letter dated May 10, 1968, wherein you ask the following questions: "1. Are the provisions of H.B. 521, S.L. 1967, as amended by H.B. 864, S.L. 1968, and H.B. 1311, S.L. 1968, applicable to the financial affairs and transactions of the Student Activity Fund authorized by 70 O.S. 4-33.1 [70-4-33.1] (1967)? "2. If your answer to the first question is in the affirmative, do the provisions of H. B. 521, S.L. 1967, as amended, supersede the requirements of 70 O.S. 3-34 [70-3-34] (1961) should be 4-34 ? "3. If your answer to the second question is in the negative, are the provisions of H.B. 521, S.L. 1967, in addition to the requirements of 70 O.S. 4-34 [70-4-34] (1961), or in other words, must the audit required by H.B. 521 cover the transactions in the Student Activity Fund and must a separate audit be made only of the Student Activity Fund as required by 70 O.S. 4-34 [70-4-34] (1961)? "4. If the audit of the Student Activity Fund is made pursuant to the provisions of H.B. 521, S.L. 1967, as amended, should that portion of the audit be paid from the General Fund of the School District?" H.B. 521, S.L. 1967, codified as 70 O.S. 505.1 [70-505.1] to 70 O.S. 505.13 [70-505.13] [70-505.13] (1967), inclusive, as amended by H.B. 864 and H.B. 1311, 31st Legislature, Second Session, is a comprehensive law which requires annual audits of public schools and prescribes uniform procedures for the conduct and scope of such audits. The enactment of this law, The Public School Audit Law, provided for the first time for a complete regular audit of all funds and activities of public schools. This law will be seen to be more general than the special audit of the Student Activity Fund. 70 O.S. 505.3 [70-505.3] (1967), as amended, provides: "The governing body of each public school in this State shall provide for and cause to be made an annual audit or, in the case of school districts with fifty thousand (50,000) or more in average daily attendance, audit or audits, of the financial affairs and transactions of each of the funds and activities of such public school for each fiscal year. Such audit or audits shall be made as of the end of the fiscal year; provided, however, the local board of education may require that audits be made at more frequent intervals." (Emphasis added) 70 O.S. 4-33.1 [70-4-33.1] (1967), provides in pertinent part: "The Board of Education of each school district shall exercise control over all funds on hand or hereafter receive or collected, as herein provided, from student or other extracurricular activities conducted in the school district. Such funds shall be deposited to the credit of the account maintained for the benefit of the particular activity within the Student Activity. . ." In construing the aforementioned statutory provisions together, it is clear that the all-inclusive language of Section 70 O.S. 505.3 [70-505.3], as amended, was intended to cover the whole subject of regular public school audits including a fund and activity such as the Student Activity Fund. 70 O.S. 4-34 [70-4-34] (1961), provides: "The board of education of each school district shall likewise provide for an annual audit of all such student activity funds, the cost to be paid out of such funds. The original report of such audit shall be delivered to the board of education and a copy thereof shall be furnished to the treasurer of the school district." This Act was passed in 1949, approximately fourteen years before the effective date of the Public School Audit Law. The two acts are in conflict regarding the funding of audit expenses and the distribution of final reports. In addition, the earlier Act merely prescribes an annual audit, whereas the later Act sets out specific standards for the conduct and scope of all audits of public school funds and activities. Pertinent here is that language of 82 C.J.S. Statutes, Section 292, p. 498, which states: "Where a later act covers the whole subject of earlier acts, embraces new provisions, and plainly shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then considered by the legislature, and to prescribe the only rules with respect thereto, it operates as a repeal of all former statutes relating to such subject matter, even though it makes no reference to the earlier statutes. . . ." To this same effect is the holding in the case of State v. Empire Oil Corporation, Okl., 353, P.2d 130. In addition, the Public School Audit Law includes a repealer clause, repealing all laws or parts of laws in conflict. Hence, the provisions of 70 O.S. 505.3 [70-505.3] (1967), as amended, are in force and effect and 70 O.S. 4-34 [70-4-34] (1961), is impliedly repealed. It is therefore the opinion of the Attorney General that your first question should be answered in the affirmative; that is, the provisions of H.B. 521, S.L. 1967, as amended by H.B. 864, S.L. 1968, and H.B. 1311, S.L. 1968, are applicable to the financial affairs and transactions of the Student Activity Fund authorized by 70 O;S. Supp. 4-33.1 (1967). Having concluded that 70 O.S. 505.1 [70-505.1] — 70 O.S. 505.13 [70-505.13] (1967), as amended, repealed Sections 4-34, it follows that your second question should be answered in the affirmative. Therefore, the Attorney General is of the opinion that the provisions of H.B. 521, S.L. 1967, as amended, supersede the requirements of 70 O.S. 4-34 [70-4-34] (1961). Our affirmative answer to your second question precludes answering the third question as you predicated the latter on a negative answer to the second question. 70 O.S. 505.5 [70-505.5] (1967), provides: "The expenses of audits required by this Act, whether ordered by the local Board of Education or the State Board of Education, shall be paid by the local Board of Education for which the audit is made. It shall be the duty of the Board of Education of the local public school to make provision for payment for said expenses." Nothing contained in this section precludes a local school board from allocating the portion of their annual audit expense attributable to the Student Activity Fund to such fund. Therefore, in answer to your final question, the Attorney General is of the opinion that a local board of education may pay for the annual audit out of the general fund of the school district or otherwise as hereinabove set out. (Don Timberlake)